**Sonny WILLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–93–00092–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 5, 1996.

Robert K. Loper, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

FOWLER, Justice.

Appellant, Sonny Willis, entered a plea of not guilty before a jury to the offense of theft. TEX.PENAL CODE ANN. § 31.03 (Vernon 1981).[1] The jury found him guilty and assessed punishment at three years probation and a $1,500 fine. In three points of error, appellant contends the trial court erred in failing to grant his pre-trial motion to quash or set aside the indictment and in failing to strike surplusage from the indictment. Appellant also alleges the trial court erred in admitting an improper extraneous offense. We affirm.

### FACTS AND PRIOR POSTURE

Appellant worked at the University of Texas System Cancer Center, also known as the M.D. Anderson Cancer Center, in October

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). There-fore, all references to the penal code are to the code in effect at the time the crime was committed.

1981 and became the Director of Patient Transportation. He met his co-defendant, April Wiegand, in November of 1981, and they married a few years later. While they were dating, Wiegand applied for, and received, a job at M.D. Anderson Cancer Center in Patient Transportation. At some point his employer discovered that appellant helped Wiegand receive paychecks for work she did not perform. He was fired from his position at the hospital and criminal charges were filed against him.

At his trial, several witnesses for the State testified they saw Wiegand on the day of her orientation but could not recall seeing her any other times. In addition, a State rebuttal witness testified that he performed personal work for appellant on State time while he was employed at M.D. Anderson Cancer Center. He testified that he mowed appellant's yard and ran personal errands for him. He also said appellant would instruct him to fill out his time sheets to reflect that he had worked overtime when he had not actually worked overtime.

### POINTS OF ERROR

The issue before us in appellant's first point of error is what limitations period is applicable to the offense appellant was charged with. Appellant was indicted for "Theft by Public Servant." The criminal acts alleged in the indictment occurred between July and October 1982. The indictment was not filed until July 29, 1992, not quite ten years after the first alleged unlawful act. Appellant maintains that a five year statute of limitations is applicable to appellant's criminal acts. The State, on the other hand, maintains that a ten year statute of limitations is applicable to appellant's crime. We find the answer to the issue in (1) the indictment, (2) section 31.03 of the Penal Code, and (3) article 12.01 of the Code of Criminal Procedure. We turn first to the indictment, which describes appellant's felony charge as "Theft by Public Servant." The pertinent portion of the indictment reads as follows:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **SONNY WILLIS,** hereafter styled the Defendant, heretofore on or about **JULY 31, 1982; AUGUST 16, 1982; AUGUST 31, 1982; SEPTEMBER 16, 1982; SEPTEMBER 30, 1982; OCTOBER 16, 1982; and OCTOBER 22, 1982,** did then and there unlawfully appropriate by acquiring and otherwise exercising control over property, namely, money, owned by the University of Texas System Cancer Center, hereafter styled the Complainant, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant.

> It is further presented that the above thefts were committed and the amount obtained pursuant to one scheme and continuing course of conduct and the total value of the property was two hundred dollars or more but less than ten thousand dollars.

> It is further presented that at the time the above thefts were committed the Defendant was a public servant, and the property appropriated came into the Defendant's custody, possession and control by virtue of his status as a public servant, namely, as Director of the Patient Transportation Department, University of Texas System Cancer Center.

The pertinent provisions of the Penal Code describe the offense of theft in the following manner:

**§ 31.03. Theft**

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

> (1) it is without the owner's effective consent;

TEX.PENAL CODE § 31.03(a) and (b)(1) (Vernon 1981).

Article 12.01 of the Code of Criminal Procedure sets forth the limitations periods applicable to primary offenses. When the alleged criminal acts were committed, 12.01 read in full,

**Article 12.01. Felonies**

Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:

(1) no limitation: murder and manslaughter;

(2) ten years from the date of the commission of the offense;

 (A) theft of any estate, real, personal or mixed, by an executor, administrator, guardian or trustee, with intent to defraud any creditor, heir, legatee, ward, distributee, beneficiary or settlor of a trust interested in such estate;

 (B) theft by a public servant of government property over which he exercises control in his official capacity;

 (C) forgery or the uttering, using or passing of forced instruments;

(3) five years from the date of the commission of the offense;

 (A) theft, burglary, robbery;

 (B) arson;

(4) three years from the date of the commission of the offense; all other felonies.

TEX.CODE CRIM.PRO. art. 12.01 (Vernon 1981).

■ Appellant maintains that he was charged with theft and therefore the five year limitations period controls. TEX.CODE CRIM.PRO. art. 12.01(3)(A). The State argues that the five year limitations period applicable to theft is not controlling because appellant was charged not merely with theft, but with theft committed by a public servant. TEX.CODE CRIM.PRO. art. 12.01(2)(B). According to the State, theft by a public servant is covered by a ten year limitations period as is theft of certain property by an executor, administrator or guardian. We agree. A plain reading of the statute reveals that the legislature intended a longer limitations period to apply to thefts committed by certain fiduciaries, one group of whom is public servants.

In response, appellant argues that in 1982 the only Penal Code provision covering theft by a public servant was article 39.01 entitled "Official Misconduct." Appellant appears to argue that article 12.01(2)(B) was not intended to apply to thefts committed by a public official, but was intended to apply to the offense of official misconduct, which at the time was found at section 39.01 of the Texas Penal Code. In 1982, the relevant provisions of section 39.01 read as follows:

**Section 39.01. Official Misconduct**

(a) A public servant commits an offense if, with intent to obtain a benefit for himself or to harm another, he intentionally or knowingly:

 \* \* \* \* \* \*

 (5) takes or misapplies any thing of value belonging to the government that may have come into his custody or possession by virtue of his employment, or secretes it with intent to take or misapply it, or pays or delivers it to any person knowing that such person is not entitled to receive it.

 \* \* \* \* \* \*

(c) An offense under Subsections (a)(1) through (a)(4) of this section is a Class A misdemeanor. An offense under Subsection (a)(5) of this section is a felony of the third degree.

TEX.PENAL CODE § 39.01 (Vernon 1981).

Appellant has cited no authority to support his proposition, and we have found none. Moreover, a plain reading of the various code provisions involved in this appeal leads us to the conclusion that article 12.01(2)(B) applied to the offense of theft committed by a particular class of persons—public servants. Had the legislature intended the limitations period to apply to the offense of official misconduct, it could easily have referred to the offense by name as it did with the other offenses contained in article 12.01. We conclude that the ten year statute of limitations applies to this indictment and we overrule appellant's first point of error.

■ In his second point of error, appellant asserts the trial court erred in failing to grant his pre-trial motion to strike what he alleged was surplusage in the indictment. Specifically, appellant asserts that in the third paragraph of the indictment, which alleged "that the thefts were committed when the appellant was a public servant," are not legally essential to the validity of the indictment "because the Texas Penal Code in effect at the time did not contain a separate section alleging the offense of theft by a public servant." Appellant argues that un-

necessary words may be rejected as surplusage when not descriptive of that which is legally essential to the validity of an indictment or information. *See Davis v. State,* 532 S.W.2d 626, 629–630 (Tex.Crim.App. 1976); *Garcia v. State,* 537 S.W.2d 930, 933 (Tex.Crim.App.1976).

The indictment, which was returned by the grand jury on July 23, 1992, alleges that the offense was committed on or about July 31, 1982, August 16, 1982, August 31, 1992, September 16, 1992, September 30, 1992, October 16, 1992 and October 22, 1982. The statute of limitations provides that an indictment for theft by a public servant must be presented by a grand jury within ten years after the commission of the offense. TEX. CODE CRIM.PROC.ANN. art. 12.01(2)(B).

■ If an indictment shows on its face that the prosecution is barred by limitations, the indictment is considered so fundamentally defective that the trial court does not have jurisdiction. *See* TEX.CODE CRIM.PROC.ANN. art. 21.02(6); *Whitsey v. State,* 853 S.W.2d 769, 771 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *Ex parte Dickerson,* 549 S.W.2d 202, 203 (Tex.Crim.App.1977). It is well-established that the State has the burden to plead and prove any facts which would toll the statute of limitations and vest the court with jurisdiction. *Ex parte Dickerson,* 549 S.W.2d at 203; *Cooper v. State,* 527 S.W.2d 563, 565 (Tex.Crim.App.1975); *State v. Hall,* 794 S.W.2d 916, 919 (Tex.App.— Houston [1st Dist.] 1990), *aff'd,* 829 S.W.2d 184 (Tex.Crim.App.1992). The Court of Criminal Appeals has held that an indictment was insufficient where factors urged by the State as tolling limitations were not alleged in the indictment. *Dickerson v. State,* 571 S.W.2d 942, 943 (Tex.Crim.App. [Panel Op.] 1978).

As appellant has ably demonstrated in his brief, the statute of limitations for theft is, and was in 1982, five years. However, the limitations period for theft by a public serv-

ant was ten years. The indictment was returned not quite ten years after the offense was committed. Consequently, to avoid the five year limitations period applicable to theft, the State had to allege facts in the indictment showing that the ten year statute of limitations applied. To do this, the State had to allege that appellant was a public servant. Without this fact, the indictment would merely have alleged theft, which is subject to a five year limitations period and thus the indictment would have shown on its face that the prosecution was barred by limitations. *Ex parte County,* 601 S.W.2d at 357. We hold the trial court was correct in not striking the language of "theft by a public servant" from appellant's indictment. Appellant's second point of error is overruled.

Appellant asserts in his third point of error the trial court erred by allowing the State to introduce evidence of an improper extraneous offense through a rebuttal witness during the guilt-innocence stage of trial. The State presented testimony from various witnesses that appellant employed his girlfriend, Wiegand, as a "ghost employee" at M.D. Anderson Cancer Center. Both appellant and Wiegand testified at trial and denied that any money had been stolen from M.D. Anderson Cancer Center. Wiegand testified she had earned all of her paychecks by either working from 11:00 p.m. to 7:00 a.m. at the hospital or taking the work home. Appellant also testified that Wiegand earned all of her salary.

The State offered Preston Wiltz as a rebuttal witness to show that appellant was aware that the work records were falsified. Before Wiltz's testimony was offered to the jury, appellant's attorney requested that the trial court conduct a hearing to determine its relevancy and whether its prejudicial nature substantially outweighed its probative value. The trial court granted that request, and during the hearing, the parties and the trial court engaged in lengthy discussions as to the admissibility of the extraneous offense.[2]

---

2. The trial court listened to evidence that the State intended to offer from Wiltz and two other witnesses. Wiltz told the trial court he would testify to similar situations that he and appellant had engaged in that proved appellant knowingly falsified work records for purposes of showing schemes in 1982, 1983, 1984, 1985, 1986, 1987, and 1988. The trial court ruled Wiltz could testify as to events that took place in 1982–1984, but not afterwards, and the other two witnesses were not allowed to testify.

At trial, Wiltz testified that he worked for M.D. Anderson Cancer Center during the time appellant was employed. He stated he performed work on State time for appellant by mowing his yard and running his personal errands. Moreover, as we have already noted, he also testified that appellant instructed him to fill out his time sheets to reflect that he had worked overtime when he had not actually worked. Wiltz admitted he had stolen thousands of dollars from M.D. Anderson and hoped he would receive his job back due to his testimony.

 Admission of an extraneous offense is generally within the discretion of the trial court. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex.Crim.App.1990) (op. on reh'g); *Vasquez v. State*, 814 S.W.2d 773, 776 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). As long as the trial court's ruling is within the zone of reasonable disagreement, an appellate court will not disturb its ruling. *Montgomery*, 810 S.W.2d at 391. An accused may not be tried for a collateral offense or for being a criminal generally. *Castillo v. State*, 739 S.W.2d 280, 289 (Tex.Crim. App.1987), *appeal dism'd, cert. denied*, 487 U.S. 1228, 108 S.Ct. 2889, 101 L.Ed.2d 924 (1988). However, evidence of an extraneous offense may be admissible if it is relevant apart from its tendency to prove the character of a person to show that he acted in conformity therewith, and its probative effect is not substantially outweighed by unfair prejudice. TEX.R.CRIM.EVID. 401, 403, 404(b).

 To challenge the admissibility of evidence based on its relevance, the opponent of the evidence must timely object. *McFarland v. State*, 845 S.W.2d 824, 837 (Tex. Crim.App.1992), *cert. denied*, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). Upon timely objection, the proponent must persuade the trial court that the extraneous evidence tends to establish motive, opportunity, identity, or one of the other factors set out in Rule 404(b).[3] *Id.* If the trial judge determines the offered evidence has relevance apart from or beyond conformity, he may admit the evidence, and upon timely request, instruct the jury the evidence is limited to the specific purpose the proponent advocated. *Id.* Thus, the opponent preserves error only to the admissibility of the evidence under Rule 404(b). *Id.*

 Although admissible under Rule 404(b), the same evidence may be inadmissible if the probative value of such evidence is substantially outweighed by unfair prejudice. *McFarland*, 845 S.W.2d at 837. The trial court must balance probativeness and prejudice if the opponent objects on the basis of Rule 403. However, the trial court presumes because the evidence is relevant, it will be more probative than prejudicial. *Long v. State*, 823 S.W.2d 259, 271 (Tex.Crim.App. 1991), *cert. denied*, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992).

 An appellate court reviews the trial court's ruling whether to exclude evidence under Rule 403 by an abuse of discretion standard. *Montgomery*, 810 S.W.2d at 391. However, an appellate court must do more than decide whether "the trial judge did in fact conduct the required balancing and did not rule arbitrarily or capriciously. The appellate court must measure the trial court's ruling against the relevant criteria by which a Rule 403 decision is to be made." *Id.* at 391–92. The appellate court must look at the State's need for the evidence in addition to determining the relevance of the evidence. *Id.* at 392. Other relevant criteria in determining whether the prejudice of an extraneous offense outweighs its probative value includes the following:

1. the ultimate issue was not seriously contested by the opponent;

2. the State had other convincing evidence to establish the ultimate issue;

---

3. Rule 404(b) states the following:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

3. the probative value of the misconduct evidence, either alone or in combination with other evidence, was not particularly compelling; and

4. the misconduct was such that jury instructions probably would not be effective.

*Id.* at 392–93. If the record reveals that one or more of the above criteria reasonably leads to the risk that substantial unfair prejudice outweighs the probativeness of the evidence, the appellate court should conclude the trial court acted irrationally in failing to exclude it and abused its discretion. *Id.* at 393.

■■■ Appellant argues that the extraneous offenses Wiltz testified about were too remote from the offenses alleged in the indictment since the offenses contained in the indictment occurred in 1982 and Wiltz's offenses occurred between 1982 and 1984, almost two years after the offenses alleged in the indictment. In this case, we do not find the time period to be too remote. Thus, the witness' testimony is relevant because it shows appellant's activities at the time the offense was committed. In addition, it shows that (1) appellant had the opportunity and knowledge to commit the offense, and (2) it was not a mistake. *See* Tex.R.Crim.Evid. 404(b).

■■■ Furthermore, the evidence was critical to the State. Appellant disputed the ultimate issue of guilt by testifying that he had not stolen from M.D. Anderson Cancer Center and that all checks Wiegand received had been earned. Wiegand also testified that she had not received any salary for work she had not performed. The evidence of the extraneous offense was compelling because of the similar way in which work records were falsified. Although several witnesses testified they had never seen Wiegand at the hospital other than on the day of orientation, without the extraneous offense evidence, the State had little to tie appellant to falsification of the work records. The greater the State's need to resort to extraneous offenses to prove a material issue in the case, the higher the probative value of the offense in relation to its potential for prejudice. *Crank v. State,* 761 S.W.2d 328, 344 (Tex.Crim.App.1988),

*cert. denied,* 493 U.S. 874, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989) (citing *Morgan v. State,* 692 S.W.2d 877, 880 n. 3 (Tex.Crim.App. 1985)).

In view of the relevance of the character evidence apart from its tendency to prove appellant was acting in conformance therewith, the State's need for this evidence, and its substantial probative value as compared to its limited prejudicial effect, we cannot say that the trial court's decision to admit Wiltz's testimony was outside the zone of reasonable disagreement as to its admissibility. *See Montgomery,* 810 S.W.2d at 391. Accordingly, we find the trial court did not abuse its discretion in admitting that testimony. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.