# NO. 12-09-00331-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY EUGENE COKER,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Bobby Eugene Coker appeals his conviction for the felony offense of continuous sexual abuse of a young child. In two issues, Appellant argues that the statute defining the offense of continuous sexual abuse is unconstitutional. We affirm.

## BACKGROUND

A Cherokee County grand jury indicted Appellant for the felony offense of continuous sexual abuse of a young child or children (continuous sexual abuse statute).[1] Prior to trial, Appellant raised objections to the indictment on the grounds that the continuous sexual abuse statute was unconstitutional because it allowed prosecutions that were otherwise barred by the statute of limitations and because it permitted a jury to return a conviction without unanimously agreeing on the acts committed by the defendant.

The trial court overruled Appellant's objections, and Appellant pleaded guilty. Pursuant to a plea agreement, the trial court assessed punishment at imprisonment for thirty-five years. This appeal followed.

---

[1] TEX. PENAL CODE ANN. § 21.02(b) (Vernon Supp. 2010).

## CONSTITUTIONALITY OF THE CONTINUOUS SEXUAL ABUSE OF A YOUNG CHILD OR CHILDREN STATUTE

In two issues, Appellant argues that the continuous sexual abuse statute is unconstitutional.

### The Statute

Enacted into law in 2007, the continuous sexual abuse statute criminalizes a continuous course of conduct that lasts for thirty days or longer and includes two or more acts of sexual abuse against one or more victims. TEX. PENAL CODE ANN. § 21.02(b)(1) (Vernon Supp. 2010). An "act of sexual abuse" is defined by the statute as specific acts that are themselves criminal offenses. Specifically, an "act of sexual abuse" can be one of the following offenses: aggravated kidnapping, if committed with the intent to violate or abuse the victim sexually, one variant of indecency with a child, sexual assault, aggravated sexual assault, one variant of burglary, and one variant of sexual performance by a child. *Id*. at 21.02(c). By statute, the jury is not required to agree on which specific acts of sexual abuse were committed by the defendant or the date on which they were committed. *Id*. at 21.02(d). Instead, the jury must simply agree, unanimously, that the defendant, during a period that is thirty or more days in duration, committed two or more acts of sexual abuse. *Id*.

### Statute of Limitations

There is no statute of limitations for the offense of continuous sexual abuse. TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(D) (Vernon Supp. 2010). Because there is no limitations period, Appellant argues that the statute is void for vagueness because the state could intentionally delay prosecution "in the hopes that a more serious offense can be prosecuted with greater ease in the future," or because a "person who is seventy (70) years of age could be tried and convicted from evidence of overt acts as defined in the statute which occurred when he was seventeen (17) at the time and then a separate and distinct offense which occurred when he was forty (40) years of age." Finally, he argues that the term "30 or more days in duration" is "not defined" and has "no limiting features to it."

Statutes enacted by the legislature are presumed to be valid, and there is a presumption that the legislature acted reasonably in enacting the statute. *See **Rodriguez v. State***, 93 S.W.3d 60, 69 (Tex Crim. App. 2002). The burden to show that a statute is unconstitutional is on the party challenging the statute. *Id*.

A criminal statute is void for vagueness–and thereby violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution–if it fails to define the criminal offense with "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not permit arbitrary and discriminatory enforcement." *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007); *see also*, *e.g.*, *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S. Ct. 839, 843, 31 L. Ed. 2d 110 (1972) ("Living under a rule of law entails various suppositions, one of which is that [all persons] are entitled to be informed as to what the State commands or forbids." (citation omitted)). When, as here, the statute does not implicate constitutionally protected conduct or speech, it is valid unless it is "impermissibly vague in all applications" or as applied to the defendant. *See State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006) (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S. Ct. 1186, 1191, 71 L. Ed. 2d 362 (1982)).

*Gap in Time Between Acts*

Appellant's offered hypothetical of a prosecution for two disparate acts, which are criminal offenses themselves, separated by a long period of time, does not persuade us that it is difficult to determine what it is that the statute forbids. Nor does this persuade us that the statute is vague as applied to Appellant inasmuch as the component offenses he was charged with were all alleged to have occurred within the several years preceding the return of the indictment.[2] The primary evil to be guarded against by the void for vagueness principle is laws that "trap the innocent" by not providing fair warning or by allowing "policemen, judges, and juries" a basis to apply the law on an "ad hoc or subjective basis." *See Grayned v. City of Rockford*, 408 U.S. 104, 108-09, 92 S. Ct. 2294, 2299, 33 L. Ed. 2d 222 (1972). A secondary problem presented by a vague law, especially in the area of First Amendment freedoms, is that a vague law will have the effect of inhibiting the exercise of a citizen's freedom and can cause a law abiding citizen to unnecessarily "steer far wider of the unlawful zone." *Id*., 208 U.S. at 109, 92 S. Ct. at 2299 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 372, 84 S. Ct. 1316, 1323, 12 L. Ed. 2d 377 (1964)). This statute, a collection of already illegal acts, does not, by virtue of its combining nature, create an admixture that is any more difficult to comprehend than any

_____

[2] The indictment was filed in July 2008. It alleged that Appellant committed the charged acts between September 2007 and March 2008.

of its component parts. For that reason, we hold that the trial court properly held that the statute was not void for vagueness because it allows for prosecution of events that may occur over the spread of several years.

### *Timing of Prosecution*

Appellant is correct that the statute has the effect of rearranging and extending the statute of limitations for some of the component offenses. For example, the offense of sexual performance of a child, one of the potential component offenses, has a limitations period of twenty years after the eighteenth birthday of the child. TEX. CODE CRIM. PROC. ANN. art. 12.01(5)(A) (Vernon Supp. 2010).

Accordingly, as with any extension of the statute of limitations, there is an enhanced possibility that a prosecutor could delay bringing charges to seek a tactical advantage. Appellant does not argue that this happened here, and this concern does not cause us to conclude that the statute is unconstitutional. The Due Process Clause of the Fifth Amendment provides a remedy where preindictment delay causes "substantial prejudice to [the defendant's] rights to a fair trial" if that the delay was an "intentional device to gain tactical advantage over the accused." *See United States v. Marion*, 404 U.S. 307, 324, 92 S. Ct. 455, 465, 30 L. Ed. 2d 468 (1971). In such a case, the defendant may be entitled to a dismissal or other remedy, but it does not mean that the statute itself is unconstitutional.

Other statutes that aggregate independently criminal acts have longer statutes of limitations than do the underlying offenses. For example, capital murder does not have a limitations period. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(A) (Vernon Supp. 2010); *Demouchette v. State*, 731 S.W.2d 75, 80 (Tex. Crim. App. 1986). Robbery, which can be an element of capital murder, has a limitations period of five years. *Id*. art. 12.01(4)(A). Theft has a limitations period of five years, if it is a felony, but the limitations period is ten years if the theft is committed by a public servant. *Compare id*. art. 12.01(4)(A) *with* art. 12.01(2)(B). This distinction has been held to be permissible. *See Willis v. State*, 932 S.W.2d 690, 694 (Tex. App.–Houston [14th Dist.] 1996, no pet.).

### *Summary*

Appellant does not argue that the statute implicates constitutionally protected speech or conduct. Appellant has failed to show that this statute is vague or that it is vague in all applications or as applied to him. The continuous sexual abuse statute brings

4

together several different offenses and permits a higher penalty when the state can show that the defendant committed the acts over a period of time longer than thirty days. We do not agree with Appellant that the term "30 or more days in duration" is vague or difficult to understand.

Statutes of limitations are an act of grace by the legislature. *See*, *e.g.*, ***Proctor v. State***, 967 S.W.2d 840, 843 (Tex. Crim. App. 1998). They are a kind of amnesty, and the legislature has some flexibility in crafting such statutes. ***Id***. Appellant has identified a hypothetical circumstance whereby the state may delay a prosecution to disadvantage the defendant. This scenario is not present in this case, and Appellant has otherwise failed to show that the statute is unconstitutional because it does not have a statute of limitations. We overrule Appellant's first issue.

## Unanimous Verdict

In his second issue, Appellant argues the continuous sexual assault statute is unconstitutional because it does not require the jury to unanimously agree on which specific acts of sexual abuse the defendant committed. Appellant does not state whether it is the Texas or the United States Constitution that is violated by the statute. Instead, he argues that the statute violates two Texas statutes. Specifically, he argues that the continuous sexual abuse statute conflicts with a statute which requires a unanimous verdict and a statute which requires proof of each element of the offense. *See* TEX. CODE CRIM. PROC. ANN. arts. 36.29, 38.03 (Vernon Supp. 2010).

As a beginning point, we note that the continuous sexual assault statute can be read in harmony with the two code of criminal procedure statutes cited by Appellant. The continuous sexual assault statute requires proof that the defendant committed two acts of sexual abuse over a period of thirty or more days. TEX. PENAL CODE ANN. § 21.02(b)(1). The statute specifically states that the trier of fact need not agree unanimously on which specific act of sexual abuse were committed or the date. ***Id***. at § 21.02(d). Instead, the jury "must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." ***Id***. Accordingly, if the underlying offenses are not elements of the offense, the statutes that require unanimous proof of the elements of the offense are not disturbed by the continuous sexual abuse statute.

A more difficult question is whether the legislature was free to create such a statute. Appellant never directly asserts that the legislature may not create such a statute.

In one sentence of his argument, Appellant does assert that this kind of statute violates a defendant's right to due process. The Sixth Amendment to the United States Constitution requires unanimous jury verdicts, but that requirement has not been extended to state criminal trials. *See **McDonald v. City of Chicago***, __U.S.__, 130 S. Ct. 3020, 3035 n.14, 177 L. Ed. 2d 894 (June 28, 2010) (citing ***Apodaca v. Oregon***, 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed. 2d 184 (1972); and referencing ***Johnson v. Louisiana***, 406 U.S. 356, 92 S. Ct. 1620, 32 L. Ed. 2d 152 (1972)).

The Texas Constitution requires that jury verdicts be unanimous. *See* TEX. CONST. art. V, § 13. Unanimity means that every juror must agree that the defendant committed the same, single, specific criminal act. ***Ngo v. State***, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). This does not mean, however, that jurors must unanimously agree that the defendant committed that crime in one specific way or even with one specific act. *Id*. at 746; *see also **Landrian v. State***, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008) (citing ***Jefferson v. State***, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006)). The legislature has considerable discretion in defining crimes and the manner in which those crimes can be committed. ***Landrian***, 268 S.W.3d at 535. That discretion is limited by the Due Process Clause of the United States Constitution and the Due Course of Law provision of the Texas Constitution. *Id*. (citing ***Schad v. Arizona***, 501 U.S. 624, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991) (plurality opinion)).

The Supreme Court's decision in ***Schad*** is important because it describes the due process limitation to the legislature's ability to define crimes. That limitation, the Court suggests, would not permit a jury to convict a person of the offense of "Crime," an offense defined as a combination of several disparate offenses. ***Schad v. Arizona*** 501 U.S. 624, 633, 111 S. Ct. 2491, 2497-98, 115 L. Ed. 2d 555 (1991) (plurality opinion). The Court states that such a statute would be impermissible as there is "nothing in our history [to suggest] that the Due Process Clause" would permit such an prosecution. *Id*., 501 U.S. 633, 111. S. Ct. at 2497.

Several Texas courts of appeals have considered this question in relation to this statute and have held that it passes constitutional muster. *See **Reckert v. State***, No. 13-09-00179-CR, 2010 Tex. App. LEXIS 7002, at *30-34 (Tex. App.–Corpus Christi Aug. 26, 2010, pet. filed.); ***Render v. State***, No. 05-09-00528-CR, 2010 Tex. App. LEXIS 5820, at *18-27 (Tex. App.–Dallas July 23, 2010, pet. ref'd); ***State v. Espinoza***, No. 05-09-01260-CR, 2010 Tex. App. LEXIS 4952, at *14 (Tex. App.–Dallas June 30, 2010,

6

pet. ref'd) (mem. op., not designated for publication); *Jacobsen v. State*, No. 03-09-00479-CR, 2010 Tex. App. LEXIS 4394, at *14 (Tex. App.–Austin June 8, 2010, no pet.) (mem. op., not designated for publication). Additionally, similar statutes passed in other states have been upheld by their courts. *See People v. Cissna*, 182 Cal. App. 4th 1105, 106 Cal. Rptr. 3d 54, 68-70 (Cal. Ct. App. 2010); *State v. Sleeper*, 150 N.H. 725, 846 A.2d 545, 550-51 (N.H. 2004); *State v. Johnson*, 2001 WI 52, 243 Wis. 2d 365, 627 N.W.2d 455, 460-64 (Wis. 2001); *but see State v. Rabago*, 81 P.3d 1151, 1169 (Haw. 2003) (holding similar statute to be unconstitutional).

Judge Cochran proposed a statute such as the continuous sexual abuse statute in a concurring opinion in 2006. *See Dixon v. State*, 201 S.W.3d 731, 736 (Tex. Crim. App. 2006) (Cochran, J., concurring). In that opinion, Judge Cochran pointed out that there existed a tension between the customary notion of a specific verdict for a specific criminal act and the way sexual abuse of children often occurs, which is as part of a continuing course of conduct. *Id*. She suggested a statute to preserve important criminal justice principles that she believed were being "stretched beyond recognition and common logic" to accommodate the nature of continuing sexual abuse offenses. *Id*. Such a statute would, in Judge Cochran's opinion, segregate the problems attendant to prosecuting these kinds of offenses so the issues raised at trial do not, as Judge Cochran phrased it, "leak out" into the trials of other kinds of offenses. *Id*. at 737.

But an aggregating statute can go too far. In *Richardson v. United States*, 526 U.S. 813, 820-21, 119 S. Ct. 1707, 1711-12, 143 L. Ed. 2d 985 (1999), the Supreme Court, in construing a statute, did not give it a reading that would allow many of the nation's drug laws to be part of the crime of "engaging in a continuing criminal enterprise" without juror unanimity because such a reading would "come close to, or [test] the constitutional limit imposed by due process." In *Schad*, Justice Scalia wrote in a concurring opinion that "[w]e would not permit, for example, an indictment charging that the defendant assaulted either X on Tuesday or Y on Wednesday, despite the 'moral equivalence' of those two acts." *Schad*, 501 U.S. at 651, 111 S. Ct. at 2507 (Scalia J., concurring in part and concurring in judgment). And in *Williams v. State*, 305 S.W.3d 886, 893 n.12 (Tex. App.–Texarkana 2010, no pet.), the court remarked on the difficulty of reviewing the sufficiency of the evidence in a case where so many facts do not have to be agreed upon unanimously.

Appellant does not make arguments along these lines. Instead, he argues that the statute is problematic because it permits the person to be convicted without "proof of all the elements beyond a reasonable doubt" and that jurors could agree on few of the same facts and still return a conviction. Appellant also argues that the statute allows "shotgun litigation" and that an overbroad indictment, brought because a child cannot testify specifically about when an offense occurred "could place the defendant in the situation of having to defend non-existent offenses . . . ."

This argument is not a constitutional argument. Instead, it is an argument about whether the continuous sexual abuse statute is wise legislation. As Justice Breyer wrote in **Richardson**, unanimity has never been required on the issue of the means by which one commits an act. *See* **Richardson**, 526 U.S. at 817, 119 S. Ct. at 1710; *see also* **Ngo**, 175 S.W.3d at 746. The constitutional question about this part of the statute is one Appellant never asks, which is whether it is permissible for the legislature to treat the specific acts of sexual abuse as manner and means of committing a series of sexual abuses. If it may, which the courts cited above have allowed, then the specific acts committed are, in the language used by Justice Breyer, "brute facts" that need not be unanimously found. If, on the other hand, those allegations must be agreed upon unanimously by the jury, whether the statute is well conceived or not, is irrelevant.

Appellant has failed to show that the continuous sexual abuse statute is unconstitutional because it does not require the jury to unanimously agree on which specific acts of sexual abuse the defendant committed. Accordingly, we overrule Appellant's second issue.

### DISPOSITION

Having overruled Appellant's two issues, we ***affirm*** the judgment of the trial court.

    **SAM GRIFFITH**
Justice

Opinion delivered December 8, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

8