NO


















 
 
 
 
 
 
  
 
 
 
 
  
 


NO.
12-09-00331-CR

 

                         IN THE COURT OF APPEALS

 

            TWELFTH COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

BOBBY EUGENE COKER,                             '     APPEAL
FROM THE 2ND

APPELLANT

                                                                              

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '     CHEROKEE
COUNTY, TEXAS

 





 

MEMORANDUM
OPINION

            Bobby Eugene Coker appeals his
conviction for the felony offense of continuous sexual abuse of a young
child.  In two issues, Appellant argues
that the statute defining the offense of continuous sexual abuse is unconstitutional.  We affirm.

 

Background

A Cherokee County grand jury indicted
Appellant for the felony offense of continuous sexual abuse of a young child or
children (continuous sexual abuse statute).[1]  Prior to trial, Appellant raised objections to
the indictment on the grounds that the continuous sexual abuse statute was
unconstitutional because it allowed prosecutions that were otherwise barred by
the statute of limitations and because it permitted a jury to return a
conviction without unanimously agreeing on the acts committed by the defendant.  

The trial court overruled Appellant’s
objections, and Appellant pleaded guilty. 
Pursuant to a plea agreement, the trial court assessed punishment at
imprisonment for thirty-five years.  This
appeal followed. 

 

 

 

Constitutionality of the Continuous Sexual 

Abuse of a Young Child or Children Statute

In
two issues, Appellant argues that the continuous sexual abuse statute is
unconstitutional.  

The Statute

            Enacted
into law in 2007, the continuous sexual abuse statute criminalizes a continuous
course of conduct that lasts for thirty days or longer and includes two or more
acts of sexual abuse against one or more victims.  Tex.
Penal Code Ann. § 21.02(b)(1) (Vernon Supp. 2010).  An “act of sexual abuse” is defined by the
statute as specific acts that are themselves criminal offenses.  Specifically, an “act of sexual abuse” can be
one of the following offenses: aggravated kidnapping, if committed with the
intent to violate or abuse the victim sexually, one variant of indecency with a
child, sexual assault, aggravated sexual assault, one variant of burglary, and
one variant of sexual performance by a child. 
Id. at 21.02(c).  By statute, the jury is not required to agree
on which specific acts of sexual abuse were committed by the defendant or the
date on which they were committed.  Id. at 21.02(d).  Instead, the jury must simply agree,
unanimously, that the defendant, during a period that is thirty or more days in
duration, committed two or more acts of sexual abuse.  Id.  

Statute of
Limitations

There is no statute of limitations for the
offense of continuous sexual abuse.  Tex. Code Crim. Proc. Ann. art. 12.01(1)(D)
(Vernon Supp. 2010).  Because there is no
limitations period, Appellant argues that the statute is void for vagueness
because the state could intentionally delay prosecution “in the hopes that a
more serious offense can be prosecuted with greater ease in the future,” or
because a “person who is seventy (70) years of age could be tried and convicted
from evidence of overt acts as defined in the statute which occurred when he
was seventeen (17) at the time and then a separate and distinct offense which
occurred when he was forty (40) years of age.” 
Finally, he argues that the term “30 or more days in duration” is “not
defined” and has “no limiting features to it.”

Statutes enacted by the legislature are
presumed to be valid, and there is a presumption that the legislature acted
reasonably in enacting the statute.  See Rodriguez v. State, 93 S.W.3d
60, 69 (Tex Crim. App. 2002).  The burden
to show that a statute is unconstitutional is on the party challenging the
statute.  Id.  

A criminal statute is void for vagueness–and
thereby violates the Due Process Clauses of the Fifth and Fourteenth Amendments
to the Constitution–if it fails to define the criminal offense with “sufficient
definiteness that ordinary people can understand what conduct is prohibited and
in a manner that does not permit arbitrary and discriminatory enforcement.”  Lawrence
v. State, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007); see also, e.g., Papachristou v. City
of Jacksonville, 405 U.S. 156, 162, 92 S. Ct. 839, 843, 31 L. Ed. 2d
110 (1972) (“Living under a rule of law entails various suppositions, one of
which is that [all persons] are entitled to be informed as to what the State
commands or forbids.” (citation omitted)). 
When, as here, the statute does not implicate constitutionally protected
conduct or speech, it is valid unless it is “impermissibly vague in all
applications” or as applied to the defendant. 
See State v. Holcombe,
187 S.W.3d 496, 499 (Tex. Crim. App. 2006) (citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,
455 U.S. 489, 495, 102 S. Ct. 1186, 1191, 71 L. Ed. 2d 362 (1982)). 

Gap
in Time Between Acts

Appellant’s offered hypothetical of a prosecution
for two disparate acts, which are criminal offenses themselves, separated by a
long period of time, does not persuade us that it is difficult to determine
what it is that the statute forbids.  Nor
does this persuade us that the statute is vague as applied to Appellant
inasmuch as the component offenses he was charged with were all alleged to have
occurred within the several years preceding the return of the indictment.[2]  The
primary evil to be guarded against by the void for vagueness principle is laws
that “trap the innocent” by not providing fair warning or by allowing
“policemen, judges, and juries” a basis to apply the law on an “ad hoc or
subjective basis.”  See Grayned v. City of
Rockford, 408 U.S. 104, 108-09, 92 S. Ct. 2294, 2299, 33 L. Ed. 2d 222
(1972).  A secondary problem presented by
a vague law, especially in the area of First Amendment freedoms, is that a
vague law will have the effect of inhibiting the exercise of a citizen’s
freedom and can cause a law abiding citizen to unnecessarily “steer far wider
of the unlawful zone.”  Id., 208 U.S. at 109, 92 S. Ct. at
2299 (quoting Baggett v. Bullitt,
377 U.S. 360, 372, 84 S. Ct. 1316, 1323, 12 L. Ed. 2d 377 (1964)).  This statute, a collection of already illegal
acts, does not, by virtue of its combining nature, create an admixture that is
any more difficult to comprehend than any of its component parts.  For that reason, we hold that the trial court
properly held that the statute was not void for vagueness because it allows for
prosecution of events that may occur over the spread of several years.

 

Timing
of Prosecution

Appellant is correct that the statute has the
effect of rearranging and extending the statute of limitations for some of the
component offenses.  For example, the
offense of sexual performance of a child, one of the potential component
offenses, has a limitations period of twenty years after the eighteenth
birthday of the child.  Tex. Code Crim. Proc. Ann. art. 12.01(5)(A)
(Vernon Supp. 2010).  

Accordingly, as with any extension of the
statute of limitations, there is an enhanced possibility that a prosecutor
could delay bringing charges to seek a tactical advantage.  Appellant does not argue that this happened
here, and this concern does not cause us to conclude that the statute is
unconstitutional.  The Due Process Clause
of the Fifth Amendment provides a remedy where preindictment delay causes “substantial
prejudice to [the defendant’s] rights to a fair trial” if that the delay was an
“intentional device to gain tactical advantage over the accused.”  See United
States v. Marion, 404 U.S. 307, 324, 92 S. Ct. 455, 465, 30 L. Ed. 2d
468 (1971).  In such a case, the
defendant may be entitled to a dismissal or other remedy, but it does not mean
that the statute itself is unconstitutional. 


Other statutes that aggregate independently
criminal acts have longer statutes of limitations than do the underlying
offenses.  For example, capital murder
does not have a limitations period.  See Tex.
Code Crim. Proc. Ann. art. 12.01(1)(A) (Vernon Supp. 2010); Demouchette v. State, 731 S.W.2d 75,
80 (Tex. Crim. App. 1986).  Robbery,
which can be an element of capital murder, has a limitations period of five
years.  Id. art. 12.01(4)(A). 
Theft has a limitations period of five years, if it is a felony, but the
limitations period is ten years if the theft is committed by a public
servant.  Compare id. art. 12.01(4)(A) with art. 12.01(2)(B).  This distinction has been held to be
permissible.  See Willis v. State, 932 S.W.2d
690, 694 (Tex. App.–Houston [14th Dist.] 1996, no pet.).  

            Summary

            Appellant does not argue that the statute implicates constitutionally
protected speech or conduct.  Appellant
has failed to show that this statute is vague or that it is vague in all
applications or as applied to him.  The
continuous sexual abuse statute brings together several different offenses and
permits a higher penalty when the state can show that the defendant committed
the acts over a period of time longer than thirty days.  We do not agree with Appellant that the term
“30 or more days in duration” is vague or difficult to understand.

Statutes of limitations are an act of grace
by the legislature.  See, e.g., Proctor v. State, 967 S.W.2d 840,
843 (Tex. Crim. App. 1998).  They are a
kind of amnesty, and the legislature has some flexibility in crafting such
statutes.  Id.  Appellant has
identified a hypothetical circumstance whereby the state may delay a
prosecution to disadvantage the defendant. 
This scenario is not present in this case, and Appellant has otherwise
failed to show that the statute is unconstitutional because it does not have a
statute of limitations.  We overrule
Appellant’s first issue.

Unanimous Verdict

            In
his second issue, Appellant argues the continuous sexual assault statute is
unconstitutional because it does not require the jury to unanimously agree on
which specific acts of sexual abuse the defendant committed.  Appellant does not state whether it is the
Texas or the United States Constitution that is violated by the statute.  Instead, he argues that the statute violates
two Texas statutes.  Specifically, he
argues that the continuous sexual abuse statute conflicts with a statute which
requires a unanimous verdict and a statute which requires proof of each element
of the offense.  See Tex. Code Crim. Proc.
Ann. arts. 36.29, 38.03 (Vernon Supp. 2010). 

As a beginning point, we note that the
continuous sexual assault statute can be read in harmony with the two code of
criminal procedure statutes cited by Appellant. 
The continuous sexual assault statute requires proof that the defendant
committed two acts of sexual abuse over a period of thirty or more days.  Tex. Penal Code
Ann. § 21.02(b)(1).  The
statute specifically states that the trier of fact need not agree unanimously
on which specific act of sexual abuse were committed or the date.  Id.
at § 21.02(d).  Instead, the jury
“must agree unanimously that the defendant, during a period that is 30 or more
days in duration, committed two or more acts of sexual abuse.”  Id.  Accordingly, if the underlying offenses are
not elements of the offense, the statutes that require unanimous proof of the
elements of the offense are not disturbed by the continuous sexual abuse
statute.

A more difficult question is whether the
legislature was free to create such a statute. 
Appellant never directly asserts that the legislature may not create
such a statute.  In one sentence of his
argument, Appellant does assert that this kind of statute violates a
defendant’s right to due process.  The
Sixth Amendment to the United States Constitution requires unanimous jury
verdicts, but that requirement has not been extended to state criminal
trials.  See McDonald v. City of Chicago, __U.S.__, 130 S. Ct. 3020,
3035 n.14, 177 L. Ed. 2d 894 (June 28, 2010) (citing Apodaca v. Oregon, 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed. 2d
184 (1972); and referencing Johnson v.
Louisiana, 406 U.S. 356, 92 S. Ct. 1620, 32 L. Ed. 2d 152 (1972)).

The Texas Constitution requires that jury
verdicts be unanimous.  See Tex.
Const. art. V, § 13.  Unanimity
means that every juror must agree that the defendant committed the same,
single, specific criminal act.  Ngo v. State, 175 S.W.3d 738, 745
(Tex. Crim. App. 2005).  This does not
mean, however, that jurors must unanimously agree that the defendant committed
that crime in one specific way or even with one specific act.  Id.
at 746; see also Landrian v. State, 268 S.W.3d 532,
535 (Tex. Crim. App. 2008) (citing Jefferson
v. State, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006)). The legislature has
considerable discretion in defining crimes and the manner in which those crimes
can be committed.  Landrian, 268 S.W.3d at 535.  That discretion is limited by the Due Process
Clause of the United States Constitution and the Due Course of Law provision of
the Texas Constitution.  Id. (citing Schad v. Arizona, 501 U.S. 624, 111 S. Ct. 2491, 115 L. Ed. 2d
555 (1991) (plurality opinion)).

The Supreme Court’s decision in Schad is important because it
describes the due process limitation to the legislature’s ability to define
crimes.  That limitation, the Court
suggests, would not permit a jury to convict a person of the offense of
“Crime,” an offense defined as a combination of several disparate offenses.  Schad
v. Arizona 501 U.S. 624, 633, 111 S. Ct. 2491, 2497-98, 115 L. Ed. 2d
555 (1991) (plurality opinion).  The Court
states that such a statute would be impermissible as there is “nothing in our
history [to suggest] that the Due Process Clause” would permit such an
prosecution.  Id., 501 U.S. 633, 111. S. Ct. at 2497.   

Several Texas courts of appeals have
considered this question in relation to this statute and have held that it passes
constitutional muster.  See Reckert v. State, No.
13-09-00179-CR, 2010 Tex. App. LEXIS 7002, at *30-34 (Tex. App.–Corpus Christi
Aug. 26, 2010, pet. filed.); Render v.
State, No. 05-09-00528-CR, 2010 Tex. App. LEXIS 5820, at *18-27 (Tex.
App.–Dallas July 23, 2010, pet. ref’d); State
v. Espinoza, No. 05-09-01260-CR, 2010 Tex. App. LEXIS 4952, at *14
(Tex. App.–Dallas June 30, 2010, pet. ref’d) (mem. op., not designated for
publication); Jacobsen v. State,
No. 03-09-00479-CR, 2010 Tex. App. LEXIS 4394, at *14 (Tex. App.–Austin June 8,
2010, no pet.) (mem. op., not designated for publication).  Additionally, similar statutes passed in
other states have been upheld by their courts. 
See People v. Cissna,
182 Cal. App. 4th 1105, 106 Cal. Rptr. 3d 54, 68-70 (Cal. Ct. App. 2010); State v. Sleeper, 150 N.H. 725, 846
A.2d 545, 550-51 (N.H. 2004); State v.
Johnson, 2001 WI 52, 243 Wis. 2d 365, 627 N.W.2d 455, 460-64 (Wis.
2001); but see State v. Rabago, 81 P.3d 1151, 1169
(Haw. 2003) (holding similar statute to be unconstitutional).

Judge Cochran proposed a statute such as the
continuous sexual abuse statute in a concurring opinion in 2006.  See Dixon
v. State, 201 S.W.3d 731, 736 (Tex. Crim. App. 2006) (Cochran, J.,
concurring).  In that opinion, Judge
Cochran pointed out that there existed a tension between the customary notion
of a specific verdict for a specific criminal act and the way sexual abuse of
children often occurs, which is as part of a continuing course of conduct.  Id.  She suggested a statute to preserve important
criminal justice principles that she believed were being “stretched beyond
recognition and common logic” to accommodate the nature of continuing sexual
abuse offenses.  Id.  Such a statute
would, in Judge Cochran’s opinion, segregate the problems attendant to
prosecuting these kinds of offenses so the issues raised at trial do not, as
Judge Cochran phrased it, “leak out” into the trials of other kinds of
offenses.  Id. at 737.  

But an aggregating statute can go too
far.  In Richardson v. United States, 526 U.S. 813, 820-21, 119 S. Ct.
1707, 1711-12, 143 L. Ed. 2d 985 (1999), the Supreme Court, in construing a
statute, did not give it a reading that would allow many of the nation’s drug
laws to be part of the crime of “engaging in a continuing criminal enterprise”
without juror unanimity because such a reading would “come close to, or [test]
the constitutional limit imposed by due process.”  In Schad,
Justice Scalia wrote in a concurring opinion that “[w]e would not permit, for
example, an indictment charging that the defendant assaulted either X on
Tuesday or Y on Wednesday, despite the ‘moral equivalence’ of those two acts.”  Schad,
501 U.S. at 651, 111 S. Ct. at 2507 (Scalia J., concurring in part and
concurring in judgment).  And in Williams v. State, 305 S.W.3d 886,
893 n.12 (Tex. App.–Texarkana 2010, no pet.), the court remarked on the
difficulty of reviewing the sufficiency of the evidence in a case where so many
facts do not have to be agreed upon unanimously.

Appellant does not make arguments along these
lines.  Instead, he argues that the
statute is problematic because it permits the person to be convicted without
“proof of all the elements beyond a reasonable doubt” and that jurors could
agree on few of the same facts and still return a conviction.  Appellant also argues that the statute allows
“shotgun litigation” and that an overbroad indictment, brought because a child
cannot testify specifically about when an offense occurred “could place the
defendant in the situation of having to defend non-existent offenses . .
. .”  

This argument is not a constitutional
argument.  Instead, it is an argument
about whether the continuous sexual abuse statute is wise legislation.  As Justice Breyer wrote in Richardson, unanimity has never been
required on the issue of the means by which one commits an act.  See Richardson,
526 U.S. at 817, 119 S. Ct. at 1710; see
also Ngo, 175 S.W.3d at 746. 
The constitutional question about this part of the statute is one
Appellant never asks, which is whether it is permissible for the legislature to
treat the specific acts of sexual abuse as manner and means of committing a
series of sexual abuses.  If it may,
which the courts cited above have allowed, then the specific acts committed
are, in the language used by Justice Breyer, “brute facts” that need not be
unanimously found.  If, on the other
hand, those allegations must be agreed upon unanimously by the jury, whether
the statute is well conceived or not, is irrelevant.  

Appellant has failed to show that the
continuous sexual abuse statute is unconstitutional because it does not require
the jury to unanimously agree on which specific acts of sexual abuse the
defendant committed.  Accordingly, we
overrule Appellant’s second issue.

 

Disposition

            Having
overruled Appellant’s two issues, we affirm
the judgment of the trial court.

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

 

 

Opinion delivered December 8, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)

 











[1] Tex. Penal Code Ann. § 21.02(b) (Vernon Supp. 2010). 

 





[2]
The indictment was filed in July 2008. 
It alleged that Appellant committed the charged acts between September
2007 and March 2008.